I concur in the judgment and opinion except for its rationale regarding the first assignment of error.
A defendant who pleads guilty to a felony may appeal as a matter of right from the sentence if it was imposed under one of the circumstances delineated in subsections (1) through (5) of R.C. 2953.08(A). Appellant contends that his sentence is appealable pursuant to subsection (4), which allows an appeal if the sentence imposed is contrary to law. Appellant argues that his sentences are contrary to law because the record does not support the trial court's finding that the shortest prison term for the burglary conviction would demean the seriousness of Appellant's conduct and the trial court failed to make a finding that the shortest prison term for the failure to appear conviction would demean the seriousness of his conduct or would not adequately protect the public from future crime by Appellant or others.
R.C. 2953.08(A)(4) does not require that all sentences be subjected to review under the guidelines. State v. Burgess (Oct. 19, 1998), Stark App. No. 1998CA53, unreported, citing State v. Untied (Mar. 5, 1998), Muskingum App. No. CT-97-0018, unreported.
"[I]f the reviewing court examines the trial record and determines based on the record and its own interpretation of the guidelines that the trial court failed to take into account all relevant factors or mistakenly considered an inappropriate factor, the sentence is contrary to law and subject to modification. In effect the trial court has improperly exercised its discretion and thereby imposed a sentence contrary to law." Griffin Katz, Ohio Felony Sentencing Law (1999) 534. A sentence may also be contrary to law if the "trial court failed to take into account fundamental sentencing principles or express sentencing criteria." Id. at 535. Therefore, this court must first determine if Appellant's sentence is contrary to law.
At the sentencing hearing, the trial court found that a prison term was consistent with the purposes and principles of sentencing pursuant to 2929.11 and that the shortest prison term would demean the seriousness of Appellant's conduct. Further, in the judgment entry pertaining to the burglary charge, the trial judge indicated that he had considered the record, oral statement, victim impact statement, and presentence investigation report, as well as the principles and purposes of sentencing under R.C. 2929.11 and balanced the seriousness and recidivism factors listed in R.C. 2929.12. The trial court also reiterated that the shortest prison term would demean the seriousness of Appellant's conduct pursuant to R.C. 2929.14(B). As to the failure to appear offense, I agree with the principal opinion that the hearing record clearly indicates that the trial judge was referring to both offenses when he initially found that imposing the shortest prison term would demean the seriousness of Appellant's conduct. Given that an oral finding was made regarding the necessity of a greater than minimum sentence for the failure to appear conviction, a judgment entry reiterating this finding is preferable but not necessary.
Based on a limited review of the record, this court can determine that the trial court considered all relevant factors and did not consider any inappropriate factors regarding either sentence. Clear and convincing evidence in the record supports the trial court's finding that a greater than minimum sentence was appropriate. The trial judge applied the appropriate guidelines and considered fundamental sentencing principles and express sentencing criteria when sentencing Appellant to greater than the minimum sentences for both offenses. Because the trial court complied with the sentencing statute and considered the fundamental sentencing principles, Appellant's sentences are not contrary to law and, therefore, this court need not consider, as a matter of right, whether a shorter sentence is more appropriate. See State v. Daugherty (Nov. 12, 1999), Washington App. No. 99CA9, unreported.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED IN PART and VACATED IN PART and the case REMANDED and Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.
A certified copy of the entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J.: Concurs in Judgment and Opinion.
Harsha, J.: Concurs in Judgment Only with Concurring Opinion.
For the Court
BY: David T. Evans, Judge.